UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **VELBERT M. REED, SR.** <br> La. Doc. No. 322981 <br><br> VS. <br><br> **VENETIA MICHAEL, WARDEN** | **CIVIL ACTION NO. 05-1824-M** <br><br> **SECTION P** <br><br> **JUDGE JAMES** <br> **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on October 18, 2005, by *pro se* petitioner, Velbert M. Reed, Sr., an inmate in the custody of the Louisiana Department of Corrections who is currently incarcerated at the Forcht-Wade Correctional Center, Keithville, Louisiana. Petitioner challenges his 1993 first degree robbery conviction and the sentence imposed by the Fourth Judicial District Court, Ouachita Parish, Louisiana.

## STATEMENT OF THE CASE

Petitioner attacked this same conviction in a petition for writ of habeas corpus filed in this court on May 16, 1997. See *Velbert M. Reed, Sr. v. Warden Winn Correctional Center*, No. 3:97-cv-00990. This petition was dismissed with prejudice on the merits on July 10 and August 4, 1998. Petitioner's request for a Certificate of Appealabilty was denied on March 9, 1999, and his petition for certiorari filed in the United States Supreme Court was denied on October 21, 1999.

## LAW AND ANALYSIS

This petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A)

1

which provides that a second or successive § 2254 *habeas* petition must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See *In re Epps*, 127 F.3d 364 (5th Cir.1997); see also *In re Tolliver*, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to §2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

In this petition, Reed complains about the trial court's deviation from the Louisiana Sentencing Guidelines which were in effect at the time of his conviction. This petition is therefore "second or successive." See *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (a subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

In the instant petition, petitioner denies that he filed a previous federal *habeas corpus* petition [see Doc. 1, paragraph 9(a)]; however, the records of this court clearly refute that allegation.

Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under §2244 is proper.

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that plaintiff's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 15th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE